UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KADIR WISDOM, | ) | CASE NO. 1:22-cv-01091 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Defendant Experian Information Solutions Inc's ("Experian") Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim. (ECF No. 10). For the reasons that follow, the court **GRANTS** the Motion to Dismiss.

**I.  BACKGROUND**

Kadir Wisdom ("Plaintiff"), proceeding *pro se*, filed a complaint against Experian, a consumer reporting agency, and CT Corporation System, Experian's registered agent, alleging that Experian willfully violated Plaintiff's rights under the Fair Consumer Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (ECF No. 1, Compl.). The complaint asserts two separate claims against Experian. First, Plaintiff asserts that Experian furnished 16 inquiries on his consumer report without his express, written consent, in violation of 15 U.S.C. § 1681b(a)(2) (Count One). (*Id.* at PageID #4–5, 11). These inquiries were deleted from the consumer report after Plaintiff initiated Experian's dispute process. (*Id.*). Second, Plaintiff asserts that Experian reported five instances of credit card issuers approving extensions of credit to Plaintiff on his consumer report, in violation of 15 U.S.C. § 1681a(d)(2)(B) (Count Two).[1] (*Id.* at PageID #4, 6, 11–12).

---

[1] For the second cause of action, the complaint cites 15 U.S.C. § 1681a(2)(B) as the statute violated by Experian. (ECF No. 1, PageID #3–4, 6, 11). However, this appears to be a typographical error because no

II.     **MOTION TO DISMISS**

On November 14, 2022, Experian filed the instant Motion to Dismiss. (ECF No. 10). First, Experian argues that Plaintiff cannot sustain a claim under Count One because: (i) 15 U.S.C. § 1681b(a)(2) provides six different circumstances when a consumer reporting agency is permitted to furnish a consumer report; (ii) receiving written consent from a consumer is not the only permissible purpose; and (iii) Plaintiff did not allege that Experian failed to comply with the five other permissible circumstances. (ECF No. 10-1, PageID #55–56). Second, Experian argues that Plaintiff cannot sustain a claim under Count Two because: (i) 15 U.S.C. § 1681a(d)(2)(B) is a definitional statute that does not govern what can be provided on a consumer report; and (ii) 15 U.S.C. § 1681c governs what information can be provided on a consumer report and it does not bar authorizations of credit by credit card issuers. (*Id.* at PageID #56–57).

Plaintiff filed a response in opposition to Experian's Motion to Dismiss. (ECF No. 12). The response does not address the pleading deficiency arguments raised in the Motion to Dismiss. Instead, Plaintiff generally argues that Experian violated the FCRA by failing to conduct reasonable investigations to ensure Plaintiff's consumer report was accurate and he speculates that the sixteen inquiries in question were the product of identity theft. (*Id.* at PageID #63–65). Experian replies that Plaintiff has failed to allege any facts that can support his claims under the FCRA. (ECF No. 13).

III.    **LEGAL STANDARD**

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

such subsection exists. Based on the allegations in the complaint and Plaintiff's *pro se* status, the Court finds that that he intended to assert a claim under 15 U.S.C § 1681a(d)(2)(B)—which concerns authorization and approval of specific extensions of credit by the issuer of a credit card—and liberally construes the pleadings to assert a claim under that statute.

*Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).  In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiff's favor.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Sixth Circuit has recognized that *pro se* pleadings are liberally construed.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  It is well-settled that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).  However, "the lenient treatment afforded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 915 F.2d 108, 110 (6th Cir. 1991).  The Sixth Circuit recognizes that the Supreme Court's "liberal construction" case law has not had the effect of "abrogat[ing] basic pleading essentials" in *pro se* suits.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

IV. **DISCUSSION**

    A. **Count One – 15 U.S.C. § 1681b(a)(2)**

Plaintiff erroneously contends that a credit reporting agency may furnish a consumer report *only* with the written authorization of the consumer.  The FCRA provides six different

circumstances when a consumer reporting agency may permissibly furnish a consumer report—with only one involving consent by a consumer.[2]  *See* 15 U.S.C. § 1681b(a).  "In fact, the majority of legitimate authorizations for disclosure do not require the written consent of the consumer."  *Norman v. Experian Info. Sols., Inc.*, No. 23-CV-9245, 2024 U.S. Dist. LEXIS 35419, at *6 (S.D.N.Y. Feb. 29, 2024) (collecting cases).

Plaintiff asserts that Experian violated 15 U.S.C. § 1681b(a)(2) solely because it furnished a consumer report without his express, written consent.  But Plaintiff does not address whether the furnishing of his consumer report complied with the other five permissible circumstances for furnishing a consumer report provided under the plain language of 15 U.S.C. § 1681b(a).  Moreover, Plaintiff has also failed to allege that Experian actually furnished his consumer report to a third party.  Accordingly, Plaintiff has failed to state claim for relief as to Count One.

B.     Count Two – 15 U.S.C. § 1681a(d)(2)(B)

Plaintiff alleges that Experian violated 15 U.S.C. § 1681a(d)(2)(B) because it reported five instances on his consumer report when a credit card issuer extended credit to him.  However, § 1681a does not impose any requirements on consumer reporting agencies, it is merely a definitional statute.  *See Jennings v. Santander Consumer USA*, No. 21-02468, 2021 WL 6845248, at *3 (W.D. Tenn. Sept. 21, 2021) ("[Section 1681a] does not govern what can be provided or furnished on a consumer report, but instead defines what a consumer report is and is not"); *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 592 n.6 (D. Md. 2013) ("However,

---

[2] The five other permissible circumstances are: (1) at the request of a court or grand jury; (2) at the request of a person the reporting agency believes shall use the information in connection with a credit transaction, employment purposes, insurance underwriting, license or other benefit eligibility verification, or some other purpose; (3) in response to a request by a child support enforcement agency; (4) to an agency which administers a State child support collection plan; and (5) to the Federal Deposit Insurance Corporation or National Credit Union Administrator in preparation for an appointment of a conservator, receiver, or liquidating agent for an insured institution.  15 U.S.C. §§ 1681b(a)(1), (3)-(6).

§ 1681a is the definitional section of the FCRA, and Plaintiff cannot state a claim for a violation of this section."). A different provision of the FCRA governs what categories of information must be excluded from a consumer report, and extensions of credit by credit card issuers are not within the excluded categories. *See* 15 U.S.C. § 1681c. In fact, nowhere in the FCRA is an extension of credit by a credit card issuer forbidden from appearing on a consumer report. Accordingly, Plaintiff has failed to state a claim for relief as to Count Two.

V. **CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 10). Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

Dated: April 22, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**